IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JUSTIN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COMMONWEALTH FINANCIAL SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JUSTIN MOORE (Plaintiff), through his attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC., (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Newnan, Coweta County, Georgia.
6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).
7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).
8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).
9. Defendant attempted to collect a consumer debt from Plaintiff.
10. Defendant is a collection agency located in Dickson City, Pennsylvania.
11. Defendant is a business entity engaged in the collection of debt within the State of Georgia.
12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.
15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt Plaintiff does not owe.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. In December, 2016, Defendant began placing collection calls to Plaintiff's home telephone at 770-755-6764.

19. Defendant calls Plaintiff from 678-487-8398, which is one of Defendant's telephone numbers.

20. On January 5, 2016, Plaintiff's attorney's office faxed a cease and desist request to Defendant at 855-708-0680.

21. On January 5, 2016, Plaintiff's attorney's office received a confirmation the fax had succeeded.

22. Despite Plaintiff's written cease and desist request, Defendant continued to place collection calls to Plaintiff.

23. Specifically, Defendant called Plaintiff on the following dates and/or times:

    a. January 5, 2016 at 7:41 p.m.

    b. January 6, 2016, at 6:18 p.m.

    c. January 7, 2016 at 9:35 a.m.

    d. January 8, 2016 at 9:47 a.m, and 2:43 p.m.

24. On January 26, 2016, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

25. During the aforementioned conversation, Plaintiff learned Defendant was calling looking for Pamela Denise Jackson.

26. During the aforementioned conversation, Plaintiff informed Defendant's collector that he was not Pamela Denise Jackson.

27. During the aforementioned conversation, Defendant's collector informed Plaintiff she would remove Plaintiff's number from their system.

28. Despite knowledge Pamela Denise Jackson could not be reached at Plaintiff's telephone number, Defendant continued to place collection calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff despite Plaintiff's written cease and desist request, and despite Defendant's knowledge that Plaintiff was not the debtor; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number, when Defendant continued to call Plaintiff despite Plaintiff's written cease and desist request, and despite Defendant's knowledge that Plaintiff was not the debtor.

WHEREFORE, Plaintiff, JUSTIN MOORE, respectfully requests judgment be entered against Defendant, COMMONWEALTH FINANCIAL SYSTEMS, INC., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

32. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

June 7, 2016                 By: /s/Shireen Hormozdi
                                      Shireen Hormozdi
                                      SBN: 366987
                                      Hormozdi Law Firm, LLC
                                      1770 Indian Trail Lilburn Road, Suite 175
                                      Norcross, GA 30093
                                      Tel: 678-395-7795
                                      Fax: 866-929-2434
                                      shireen@agrusslawfirm.com
                                      shireen@norcrosslawfirm.com
                                      Attorney for Plaintiff